**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **RPH Enterprises, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Christopher Eric Diamantis and Lyrix Holdings, LLC,**<br><br>**Defendants.** | **Case No. 26-cv-01151-HLT-GEB** |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Lyrix Holdings, LLC's ("Lyrix") Motion for Extension of Time to Respond to Plaintiff's First Amended Complaint and Memorandum in Support **(ECF No. 25)**. Plaintiff filed a response in opposition (ECF No. 26). Defendant Lyrix did not file a reply. The other Defendant in this case is Christropher Eric Diamantis, who proceeds pro se. Defendant Diamantis receives notifications by mail and lives in Tennessee. Taking this into consideration, the Court believes it has given Defendant Diamantis ample time to weigh in on this Motion if he wished to do so, and to file his own motion to answer Plaintiff's First Amended Complaint out of time as he has not timely filed an answer. However, Defendant Diamantis, to date, has done neither.

For the reasons stated below, the Court **GRANTS** Defendant Lyrix's Motion. Defendant Lyrix represents to the Court it is immediately prepared to file a Motion to Dismiss. As such, the motion shall be filed by **November 20, 2026**. Additionally, as set forth below, the Court makes the following rulings: (1) By **December 4, 2026**, Plaintiff should, pursuant to Fed. R. Civ. P. 55, seek a Clerk's entry of default regarding Defendant Diamantis' failure to answer the First

Amended Complaint, and then, as applicable, file a motion for default judgment within 3 weeks after the Clerk enters default; and (2) The parties shall appear for a telephone status conference on **December 14, 2026, at 1:30 p.m.,** so the Court can discuss with Plaintiff and Defendant Lyrix a schedule to accomplish appropriate discovery pending a ruling on Lyrix's forthcoming Motion to Dismiss.

### A. Relevant Background

Defendant Diamantis removed this case to federal court on June 3, 2026 (ECF No. 1). Defendant Lyrix filed a consent to removal on June 8, 2026, and filed a Motion to Dismiss on June 11, 2026 (ECF Nos. 6, 7). On July 17, 2026, Plaintiff filed a Motion to Amend Complaint, which the Court granted on August 24, 2026 (ECF Nos. 21, 22). Due to this granting of the Motion to Amend Complaint, the Court also denied as moot and without prejudice Defendant Lyrix's Motion to Dismiss (ECF No. 23). The Court stated Defendant Lyrix "may respond to the amended complaint as they see fit in accordance with the applicable rules." (*Id.*)

Plaintiff filed a First Amended Complaint on August 28, 2026, making an answer due on September 11, 2026 (ECF No. 24). Defendant Lyrix failed to answer by this date. On September 16, 2026, however, Defendant Lyrix filed the instant Motion for Extension of Time to Respond to Plaintiff's First Amended Complaint and attached a Declaration from its lead counsel in support of the same (ECF Nos. 25 and 25-1). Defendant Diamantis has not, to date, filed either an answer to the First Amended Complaint or moved the Court for more time to do so. As stated above, Defendant Diamantis proceeds pro se and receives notifications by mail. But, given that approximately two months has passed since the answer was due, the Court finds he has had ample time to file an answer out of time or motion the Court for permission to do so.

Defendant Lyrix, in its Motion and supporting Declaration, states its attorney had prepared a renewed Motion to Dismiss in response to the First Amended Complaint. However, the September 11th answer deadline was mis-calendared in its attorney's docketing system and therefore the deadline passed without the renewed Motion to Dismiss being filed. Lyrix's counsel discovered the error on September 14, 2026, and promptly emailed Plaintiff's counsel to explain the situation, and asked if counsel would oppose a motion to extend the September 11th deadline. When Plaintiff's counsel learned Lyrix would be filing another motion to dismiss rather than an answer, they stated Plaintiff would oppose any motion to extend the deadline.

Accordingly, on September 16th, five calendar days after the answer deadline and two days after the calendar error was discovered, Plaintiff filed the present Motion. Defendant Lyrix argues its failure to timely file a response to the First Amended Complaint was the result of excusable neglect due to the mis-calendaring error. Lyrix states its renewed Motion to Dismiss is completed and can be filed within one business day after the Court grants leave.

**B. Analysis**

Pursuant to Fed. R. Civ. P. 6(b)(1)(B), a court may excuse a party's failure to act within a specified time "if the party failed to act because of excusable neglect."[1] "[I]t is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."[2]

The court generally considers four factors when determining whether a party's actions establish excusable neglect: (1) the danger of prejudice to the opposing party; (2) the length of

---

[1] *See also Hall v. Life Care Centers of America, Inc.*, No. 16-2729-JTM-KGG, 2018 WL 2035966, at *1 (D. Kan. May 1, 2018) (citing Fed. R. Civ. P. 6(b)(1)(B)).

[2] *Alsbrooks v. Collecto, Inc.*, No. 10-2271-JTM, 2010 WL 4067145, at *2 (D. Kan. Oct. 15, 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)).

delay caused by the neglect and its impact on judicial proceedings; (3) the reason for delay and whether it was in the reasonable control of the moving party; and (4) the existence of good faith on the part of the moving party.[3]

"The reason for the delay in filing the answer is an important, if not the most important, factor in this analysis."[4] "The decision to permit the late filing of a pleading lies within the court's discretion, and the preferred disposition of any case is upon its merits and not by default judgment."[5]

Here, the factors weigh in favor of finding excusable neglect by Defendant Lyrix and **granting** it until **November 20, 2026,** to file its renewed Motion to Dismiss. The Court does not find that Lyrix acted in bad faith or intentionally missed the answer deadline. Rather, it was a calendaring error by Lyrix's attorneys. The mistake was discovered three days, two of which were weekend days, after the deadline passed. Immediately upon discovery, Lyrix's counsel emailed Plaintiff's counsel to seek an extension and upon learning there would be opposition, promptly filed the instant Motion and Memorandum in Support. Courts routinely find excusable neglect for such administrative errors and this Court does the same.[6]

---

[3] *Id.*

[4] *Scott v. Power Plant Maint. Specialists, Inc.*, No. 09-2591, 2010 WL 1881058, at *4 (D. Kan. May 10, 2010) (citation omitted).

[5] *Claimsolution, Inc. v. Claim Solutions, LLC*, No. 17-2005-JWL-GEB, 2017 WL 2225225, at *2 (D. Kan. May 22, 2017) (internal quotations marks and citations omitted).

[6] *See, e.g., Bonjorno v. Asher*, No. 24-4111-HLT-BGS, ECF No. 40 (D. Kan. May 5, 2025) (granting leave to answer out of time where the deadline was miscalculated in counsel's office; the error was "an honest mistake"); *Dorsey v. Soucie*, No. 25-2006-JAR-BGS, 2026 WL 509449, at *4 (Feb. 24, 2026) (finding excusable neglect for the failure to file an answer until after the close of discovery as the result of an administrative oversight) (citing *Hall v. Life Care Centers of America, Inc.*, No. 16-2729 JTM-KGG, 2018 WL 2035966, at *2 (D. Kan. May 1, 2018) (granting a motion to file out of time that was the result of an "administrative error" and the fact that "counsel mistakenly overlooked the deadline")).

Plaintiff makes two arguments in opposition. First, Plaintiff contends its First Amended Complaint has cured the issues raised in Lyrix's first Motion to Dismiss, making any further motion to dismiss futile. Instead, Plaintiff suggests Lyrix be allowed to file an answer out of time, but not another motion to dismiss. However, Plaintiff has cited no case law for its position that only an answer, and not a motion to dismiss, should be allowed in response to the First Amended Complaint. And, while Plaintiff believes another motion to dismiss would be futile, Lyrix apparently disagrees. Furthermore, the Court denied Lyrix's first Motion to Dismiss without prejudice and stated it "may respond to the amended complaint as they see fit in accordance with the applicable rules."

Plaintiff's second argument is that allowing another round of motions to dismiss will keep this case in the pleading stage. Plaintiff's point is well taken. Therefore, the Court makes the following orders to move this case forward while waiting for resolution of Lyrix's forthcoming Motion to Dismiss: (1) Because, as stated above, Defendant Diamantis has failed to file an answer or move for more time to do so, Plaintiff should take action under Fed. R. Civ. P. 55 to start the process of seeking default judgment by no later than **December 4, 2026**; and (2) The Court sets a telephone status conference for **December 14, 2026, at 1:30 p.m.,** to discuss with Plaintiff and Defendant Lyrix whether discovery can be accomplished while waiting for resolution of Lyrix's forthcoming Motion to Dismiss. Regarding the latter, the Court expects Plaintiff and Lyrix to confer before such conference. The parties should be advised, during the conference, the Court is inclined to order the parties to confer in accordance with the Fed. R. Civ. P. 26(f), and to submit Rule 26(a)(1) initial disclosures including the exchange of documents, and the Court expects the parties to discuss whether a formal schedule would be feasible at this stage.

**IT IS THEREFORE ORDERED** Defendant Lyrix's Motion for Extension of Time to Respond to Plaintiff's First Amended Complaint and Memorandum in Support **(ECF No. 25)** is **GRANTED**. Defendant Lyrix shall file its renewed Motion to Dismiss by no later than **November 20, 2026**.

**IT IS FURTHER ORDERED** that by no later than **December 4, 2026**, Plaintiff should, pursuant to Fed. R. Civ. P. 55, seek a Clerk's entry of default regarding Defendant Diamantis' failure to answer the First Amended Complaint, and if applicable, file a motion for default judgment within 3 weeks after the Clerk enters default.

**IT IS FURTHER ORDERED** that a telephone status conference is set for **December 14, 2026, at 1:30 p.m.,** so the Court can discuss with the parties a schedule to accomplish appropriate discovery pending a ruling on Defendants Lyrix's forthcoming Motion to Dismiss. Participants shall dial into the conference call at 316-402-0044, enter conference ID 220 054 263#, and follow the prompts to join the call.

**IT IS SO ORDERED.**

Dated: November 18, 2026, at Wichita, Kansas.

s/Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge